**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DELL J. LOFTIS, et al., | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO.:  1:09-cv-837 |
| KNAUF INTERNATIONAL GmbH, et al., | * | |
| Defendants. | * | |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION:**

The Notice of Removal of one of the Defendants, Interior & Exterior Building Supply, L.P., respectfully shows:

1.      Plaintiffs, Dell J. Loftis, Lydia F. Loftis and Charles B. Styron, domiciliaries of the State of the Alabama, individually and on behalf of over one hundred allegedly similarly-situated people, claim personal injuries and damage to property as a result of allegedly defective Chinese manufactured drywall which was installed in their home.

2.      Plaintiffs filed a lawsuit in the Circuit Court of Baldwin County, Alabama, on or about May 15, 2009 in the matter styled *Dell J. Loftis and Lydia F. Loftis v. Knauf International GmbH, et al.*; Circuit Court of Baldwin County; Civil Action No. 2009-323.  Plaintiffs subsequently amended their Complaint on or about December 3, 2009 to add class allegations.[1]

3.      Thus, this case became removable on December 3, 2009, when Plaintiffs added class allegations.   Pursuant to 28 USC § 1446(b), this Notice of Removal is filed within 30 days of receipt of notice of the initial adding class allegations.

4.      Attached to this Notice of Removal are copies of all pleadings and orders on file in the state court proceeding.  (Exhibit A).

---

[1] Plaintiffs' Amended Complaint also substituted Knauf International GmbH for Knauf Gips KG.

5.      This suit is removable to this court under and by virtue of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6.      CAFA expands the jurisdiction of federal courts by granting federal subject matter jurisdiction over class actions in which:  1) the aggregate value of the claims exceeds $5 million; 2) there are at least 100 class members; and 3) there is diversity of citizenship between at least one class member and at least one defendant.  28 USC § 1332(d).

7.      None of the exceptions to CAFA contained in 28 USC § 1332(d)(3)-(5) are applicable to this matter.

8.      Plaintiffs allege that the putative class is over 400 members, and based on this class size, a minimum award of only $12,500 per member of the class satisfies the $5 million jurisdictional amount under CAFA.

9.      The plaintiffs claim that each of the class members "have sustained actual damages in that they have suffered, or are substantially certain to suffer, damage to their house and property, and are substantially certain to incur the costs of repairing and replacing defective drywall and other components, remediating consequent property damage, as well as mental and emotional distress, upset, anguish, anger and inconvenience and diminished property value. The plaintiffs further claim that each of the class members have incurred "damages including but not limited to, the costs of fully repairing the home, which may include replacing the defective drywall and repairing or replacing damage to the Other Property in affected homes as a result of the deficient and defective drywall.  The damages shall also include all costs incurred in relocating to suitable temporary housing facilities while the home is undergoing such repair, as well as damages for mental and emotional distress and lost property value."

10.     With respect to their individual claims, which allegedly are typical of the claims of the class as a whole, the plaintiffs allege the following acts of negligence on behalf of the defendants:

      a.)      Improperly designing, formulating, testing, manufacturing,

inspecting, marketing, distributing, warranting, advertising, selling and installing in Plaintiffs' home drywall made from materials that are so high in sulfur that the drywall is unsuitable for its intended purposes;

b.)     Knowing, or acting extremely reckless in not knowing, at or before the time they furnished, sold and installed the drywall that the drywall contained the alleged defect and would cause damage to other property;

c.)     Concealing or failing to disclose the alleged defect to the Plaintiffs;

d.)     Failing to remove the allegedly defective drywall from the marketplace or take remedial action;

e.)     Breaching implied warranties of habitability and fitness for a particular purpose;

f.)     Breaching express warranties by selling a product that did not conform to the affirmation that the product was gypsum drywall; and

g.)     Fraudulent concealing and/or intentionally omitting that the subject drywall caused corrosion.

11.     Based on the allegations in the Plaintiffs' First Amended Complaint, it is facially apparent that the amount in dispute exceeds the requisite $5 million for this Honorable Court to assume jurisdiction of this matter under CAFA.

12.     Plaintiffs have demanded a jury trial in their complaint filed in the Circuit Court of Baldwin County, Alabama.

Copies of all pleadings and orders from the Circuit Court of Baldwin County action are attached to this notice.  Contemporaneously with the filing of this Notice of Removal, Interior & Exterior Building Supply, LP has filed a copy of this document with the Circuit Court of Baldwin County (copies of which are attached hereto as Exhibit B").

Upon filing of this Notice of Removal, Interior Exterior Building Supply, LP has properly given written notice thereof to the plaintiffs, individually and on behalf of others similarly situated, through their attorney of record.  Interior & Exterior Building Supply, LP has also confirmed with each of the Defendants that they each consent to this action being removed from

the Circuit Court of Baldwin County, Alabama to this Court.[2]

   **WHEREFORE**, Defendant Interior & Exterior Building Supply, LP prays that the

above action now pending against it in the Circuit Court of Baldwin County, Alabama be

removed therefrom to this Court.

                                        /s/ Vincent A. Noletto, Jr.
                                        CHARLES F. CARR (CARRC4371)
                                        VINCENT A. NOLETTO, JR.  (NOLEV3868)
                                        HEATHER M. HOUSTON  (HOUSH3686)
                                        Attorneys for Defendant Interior & Exterior
                                        Building Supply, L.P.

OF COUNSEL:

CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
ccarr@carrallison.com
vnoletto@carrallison.com
hhouston@carrallisonc.com

---

[2]Defendants Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ldt., previously filed a Motion to Quash Service of Process and maintain their contention that they have not been properly served pursuant to the *Alabama Rules of Civil Procedure.*  However, while specifically maintaining all defenses available to them, including, but not limited to, improper service of process, the Knauf Defendants consent to the removal of this action.

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on the 31st day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed to those non CM/ECF participants:

George R. Irvine, III, Esq.
R. Scott Lewis, Esq.
Stone, Granade & Crosby, P.C.
7133 Stone Drive
Daphne, Alabama 36526

Douglas L. McCoy, Esq.
Hand Arendall, LLC
Post Office Box 123
Mobile, Alabama 36601

Knauf Plasterboard (Tianjin) Co., Ltd.
c/o:  Knauf Fiberglass GMB
John F. Andrews
57 Adams
Montgomery, Alabama 36104

Methodical Builders, inc.
c/o Vince E. Keith, President
13139 Underwood Road
Summerdale, AL 36580

                                 _/s/ Vincent A. Noletto, Jr._____
                                 OF COUNSEL